Mario Pittoni, J.
Motion by the plaintiff for summary judgment in an action to set aside certain conveyances as fraudulent and for money damages is denied.
The only affidavit submitted for the plaintiff is by one of the plaintiff’s attorneys. He backs this with voluminous transcripts of various examinations before trial of the defendants, and by certain admissions pursuant to section 322 of the Civil Practice Act. It is true that the testimony by deposition taken by plaintiff of the defendants is a higher order of proof than an affidavit (Di Sabato v. Soffes, 9 A D 2d 297, 307). However, the affidavit merely refers loosely to the examinations before trial without pin-pointing the exact parts relied on. He does the same in respect to the alleged admissions pursuant to section 322 of the Civil Practice Act. The suspicion is that the court is expected to pick out the pertinent parts by itself. Then too, the plaintiff’s attorney claims that the defendants’ defense is insufficient because the affidavit was made by the attorney without personal knowledge, that this has no probative value and should be disregarded (Di Sabato v. Soffes, supra, p. 301). However, the defendants’ attorney states that he is personally acquainted with all the facts which he states in his affidavit. It is well settled that credibility may not be determined on affidavits (Di Donna v. Sachs, 9 A D 2d 576; Herzberg v. Chizzoniti, 11 A D 2d 1037).
While a reading of the documents submitted reveals that the conveyances and other transactions referred to were made under highly suspicious circumstances, the court on a motion for summary judgment must assume the truth of the most *1090 favorable version of the transactions given by the respective defendants, and judgment may not be granted if the court cannot hold as a matter of law that on that version of the facts the plaintiff is entitled to recover. In this case the court cannot hold as a matter of law that the transactions were made by each defendant with the actual intent to hinder or defraud the plaintiff. The credibility of witnesses may not be determined without a trial nor on affidavits (Di Donna v. Sachs, supra; Herzberg v. Chizzoniti, supra). This issue of intent therefore requires a trial and the denial of the motion for summary judgment.
In view of the long daily Motion Calendars and the limited time in which courts may consider and deliberate on motions, briefs that approximate 50 pages, with quotations in single space, exhaust the court and encroach upon valuable time that is due to other litigants. Briefs should be clear, concise, coherent and cogent, and should not be mere displays and summarizations of intensive research. Such displays and summarizations should be reserved for law reviews and similar legal publications.
The further observation may be made that an early trial may be obtained at Special Term, Nassau County, since the calendar is only several months behind. Motion denied.